UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM J. BURFORD,

    Plaintiff,

v.

ACCOUNTING PRACTICE SALES, INC. and
GARY L. HOLMES,

    Defendants.

Case No. 12-cv-1212-JPG-SCW

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defect in the jurisdictional allegations of the Notice of Removal (Doc. 5) filed by the defendants:

- **Failure to allege the citizenship of an individual.** A pleading asserting diversity jurisdiction must allege the citizenship of individual parties, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Remand is appropriate where parties allege residence but not citizenship. The defendants have alleged the residences of plaintiff William J. Burford and defendant Gary L. Holmes, but they have not alleged their citizenship.

The Court hereby **ORDERS** that the defendants shall have up to and including December 7, 2012, to amend the faulty pleading to correct the jurisdictional defect. Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. The defendants are directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: November 29, 2012**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**