IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM J. BURFORD,

    Plaintiff/Counterdefendant,

vs.

ACCOUNTING PRACTICE SALES, INC., a Texas corporation,

    Defendant/Counterclaimant,

and

GARY L. HOLMES,

    Defendant.

Case No. 12-CV-1212-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant/counterclaimant Accounting Practice Sales, Inc.'s ("APS") motion to voluntarily dismiss its counterclaims (Doc. 51) and plaintiff/counterdefendant William J. Burford's motion for leave to amend his complaint (Doc. 52).

The Court will not allow Burford to amend his complaint. Because the time for amendment as a matter of right has passed, whether the plaintiff should be allowed to amend his complaint is governed by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing parties' written consent, which the plaintiff has not obtained in this case, or leave of court, which the Court should freely give when justice requires. Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see*

*Diersen v. Chi. Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Ind. Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993).  Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court.  *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997);  *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995).  A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.  *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

Burford is attempting to add new claims to this case after the Court has granted summary judgment against him on his original claims, after the deadlines for discovery and amending the pleadings has passed, and thirteen days before trial.  The new claims are not based on newly discovered evidence, so they could have been brought earlier in the case, and Burford has not explained why he failed to do so.  Additionally, the new claims would require additional discovery and a significant delay in the trial of this case.  It is simply too late in this case to allow amendment of the complaint.  For these reasons, the Court will deny Burford's motion for leave to amend (Doc. 52).

In light of the termination of Burford's claims, APS asks the Court to dismiss its counterclaims pursuant to Federal Rule of Civil Procedure 41(a)(2) in order to bring this litigation to a close (Doc. 51).  At the final pretrial conference on November 1, 2013, APS clarified that it sought dismissal with prejudice, and Burford expressed no objection to that result.  There being no objection to the motion, the Court will grant it.  This ruling renders

Burford's motion for summary judgment on the defendants' counterclaims (Doc. 45) moot.

For the foregoing reasons, the Court:

- **DENIES** Burford's motion for leave to amend his pleading (Doc. 52);

- **GRANTS** APS's motion to voluntarily dismiss its counterclaims with prejudice (Doc. 51);

- **DISMISSES** APS's counterclaims **with prejudice**;

- **DENIES as moot** Burford's motion for summary judgment (Doc. 45); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   November 1, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT COURT**
