IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM J. BURFORD,

    Plaintiff,

vs.

ACCOUNTING PRACTICE SALES, INC., a Texas corporation, and GARY L. HOLMES,

    Defendants.

Case No. 12-CV-1212-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on a variety of motions *in limine* filed by the parties (Docs. 87, 88, 89, 91, 92, 103, 104, 106 & 107).  The Court rules as follows:

- **GRANTS** the defendants' Motion *in Limine* # 1 to Bar Evidence of Injury to Plaintiff's Business Reputation or Loss of Good Will (Doc. 87).  The plaintiff does not intend to introduce any such evidence.

- **GRANTS** the defendants' Motion *in Limine* # 2 to Bar Plaintiff From Seeking Damages Based on the Alleged Value of an APS Franchise (Doc. 88).  The plaintiff's business was not a franchise, and the probative value of the marginally relevant evidence about the value of a franchise is substantially outweighed by the danger of confusing the jury as to the issues in this case.  *See* Fed. R. Evid. 403.

- **GRANTS** the defendants' Motion *in Limine* # 3 to Bar Plaintiff from Calculating Damages Based on Amounts He Paid to APS (Doc. 89).  While such amounts might be an appropriate measure of restitution were this a rescission case, this is a breach of contract case seeking monetary damages for future losses under the contract, not

restitution.  Amounts paid to APS are not relevant as a measure of damages. Fed. R. Evid. 401.

- **GRANTS** the defendants' Motion *in Limine* # 5[1] to Bar Plaintiff from Disputing APS' Right to Terminate the Contract for Poor Sales Performance (Doc. 91).  The Seventh Circuit Court of Appeals has established the law of the case that the plaintiff's poor performance would constitute good cause for terminating the contract, and there is no reason justifying reconsideration of that holding.  The defendants did not waive this argument, which is not inconsistent with the position it took earlier that the contract was "at will," by failing to press this theory in its dispositive motion filed earlier in the case.

- **GRANTS in part** and **RESERVES RULING in part** the defendants' Motion *in Limine* # 6 to Bar Plaintiff from Seeking Speculative Lost Future Income (Doc. 92).  The motion is granted to the extent it seeks to bar evidence of the value of an APS franchise, which is discussed in conjunction with the defendants' Motion *in Limine* # 2.  The Court reserves ruling on the remainder of the motion.  During the trial, the plaintiff may attempt to lay a foundation for, and otherwise establish the admissibility of, other evidence of lost future income.

- **GRANTS** the defendants' Motion *in Limine* # 7 to Bar Plaintiff from Seeking or Referencing New Damages Disclosed on October 9, 2015 (Doc. 103).  Evidence of these damages was first produced long after the close of discovery without substantial justification for the delay.  This late production prejudiced the defendants, who are unable to explore the new damage calculation in discovery.  *See* Fed. R. Civ. P. 37(c)(1).

---

[1] The plaintiff has responded to the defendants' Motion in Limine # 4, but the Court already granted that motion at the Final Pretrial Conference.  Nothing in the plaintiff's response causes the Court to believe its original ruling was wrong.  The summary judgment motion or the appeal of this case is irrelevant to the present proceedings, and reference to those events would simply serve to confuse the jury.

- **DENIES** the plaintiff's Eighth Motion *in Limine* (Doc. 104).  In its answer, the defendants denied the plaintiff worked diligently on behalf of APS and denied that it terminated the plaintiff in violation of the contract.  This is sufficient to put the plaintiff on notice APS was claiming his termination was justified because of his performance.

- **RESERVES RULING** on the defendants' Amended Motion *in Limine* # 8 to Bar Plaintiff from Testifying to his Undisclosed Hearsay Conversations with Roy Braatz (Doc. 106).  During the trial, the plaintiff may attempt to lay a foundation for, and otherwise establish the admissibility of, the evidence sought to be barred in this motion.

- **RESERVES RULING** on the defendants' Motion *in Limine* # 9 to Bar Plaintiff from Testifying or Using Document Provided in Plaintiff's October 9, 2015, and October 15, 2015, Document Productions (Doc. 107).  While this production is clearly late, the Court is unable to glean from the documents their relevance, whether late disclosure was substantially justified, or whether the defendants were prejudiced from the late production.  *See* Fed. R. Civ. P. 37(c)(1).

**T IS SO ORDERED.**
**DATED:  October 22, 2015**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT COURT**